■ ALFRED D. CLARK et al., as Executors of LAWRENCE WEINBERG, Deceased, Doing Business as S. WEINBERG AND COMPANY, Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 42070.) — *Per Curiam*. Appeal by claimant executors from a judgment of the Court of Claims awarding damages of $2,900 for the appropriation for highway purposes of three parcels of land, one in fee and two for purposes of permanent drainage easements, aggregating 0.382 acre, from a parcel of 2½ acres improved by five buildings used as a sawmill, operated for many years by water power, recently augmented by electric power, to which the machinery had been adapted not long before the appropriation. The site and its improvements are well depicted by aerial and other photographs which confirm claimants' proof, largely uncontradicted in any event, first, that the varying contours of the land in relation to the facilities in which the various stages of the manufacturing process progressed were of substantial benefit and economic value to the operation and, second, that the land appropriated was so located and of so large an area in relation to the whole as to render the method of operation theretofore employed economically impracticable thereafter. The mill was, in fact, permanently closed down subsequent to the taking. Sawmill

operators testifying for the State considered that the operation could have been continued — at what cost, and whether profitably or not, does not appear — by use of heavy machinery and equipment in substitution for the simpler system utilized by claimants' testator. Claimants' expert submitted a careful and well-documented appraisal, buttressed by recent studies of sawmills and sawmill operations in the area and of values reached upon various pertinent approaches. Properly treating the sawmill as a specialty, he valued the land according to market values, which he justified, and the structures at replacement cost less depreciation, giving effect, also, to functional and economic depreciation and to physical deterioration. He said that it would have been impracticable and economically unfeasible to have continued the sawmill operation after the taking. He estimated before values as: Land $2,500, buildings $13,000, total $15,500, and after values as: Land $1,125, buildings $2,375, total $3,500, thus arriving at damages of $12,500. The State's real estate expert gave evidence so tenuous as to have little or no probative force. He inspected the site long after the appropriation and after the mill had been discontinued and boarded up, apparently had no real knowledge of the prior mill operation and in declining to give any substantial value to the mill buildings and improvements indulged his own assumptions, for which no clear basis appears in the record. Again upon no readily apparent basis, he valued as suitable for suburban development this factory property on a hillside, from which three parcels had been carved for purposes of a modern highway, sloping to a steep river bank and encumbered by factory buildings necessarily to deteriorate as, in fact, they had begun to do at the time of his tardy inspection. For the 0.382 acre taken he set a value of $2,900, gave the mill buildings a before and after value of $4,000 and awarded nothing for consequential damages. The Trial Judge expressly adopted the State's estimate of $2,900 damage, but neglected to find any of the basic elements minimally requisite to a proper determination of damages; and while adopting the State's appraiser's inexplicable damage figure expressly rejected the theory upon which it was predicated and found "that the highest and best use of the property before and after the taking was as a small commercial operation or sawmill." We consider that under the circumstances the remand of this case for rational evaluation, for proper findings and for an award to be supported by the weight of the evidence, would unnecessarily prolong the litigation involving this modest asset of an estate in process of administration; and that in fairness to all parties the claim should be adjudicated here. We find correct all the land valuations proven by claimants as well as the basic values and the general theory of depreciation applied by claimants to the improvements, but we consider that their expert gave insufficient weight to the depreciative factors inherent in this particular property and operation. We find that the values before the taking were: Land $2,500, improvements $7,500, total $10,000; and after the taking were: Land $1,125, improvements $2,375, total $3,500; and that claimants were damaged in the amount of $6,500, of which $5,125 was consequential damage. *Judgment modified, on the law and the facts, so as to increase the amount of the award to $6,500, with appropriate interest, and, as so modified, affirmed, with costs to appellants.* Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.